*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PABLO DICKSON, | : | |
| Petitioner, | : | Civil Action No. 12-7001 (PGS) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**SHERIDAN**, District Judge:

Petitioner Pablo Dickson ("Petitioner"), a prisoner incarcerated at the North Infirmary Command at Rikers Island in Elmhurst, New York, is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet., ECF No. 6.) For reasons stated below, the Court dismisses the Petition as untimely.

**I. BACKGROUND**

The Court recounts only the facts relevant to this Opinion. On February 21, 2008, Petitioner pled guilty to a one-count Indictment, charging him with conspiring and agreeing with others to distribute and to possess with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and in violation of Title 21, United States Code, Section 846. (*U.S. v. Dickson*, Crim. Action No. 07-962, ECF No. 22-23.) On May 29, 2008, the Court sentenced Petitioner to time served, followed by five years of supervised release. (*Id.* at ECF No. 24.) On September 3, 2008 and November 24, 2009, the Court entered Amended Judgments to correct errors. (*Id.* at ECF Nos. 28, 31.) Petitioner did not file a direct appeal.

On October 22, 2012, Petitioner filed the instant § 2255 Petition. (ECF No. 1.) Thereafter, on December 4, 2012, Petitioner filed his amended 28 U.S.C. § 2255 Petition. (ECF No. 6.) In his Amended Petition, Petitioner raises the following grounds for relief: (1) Petitioner's sentence is illegal because supervised release must immediately follow release from prison; (2) changing Petitioner's sentence from supervised release to home confinement violated Petitioner's right to due process; (3) the detainer is illegal because it is based on an illegal sentence; (4) ineffective assistance of counsel based on counsel's failure to advise Petitioner that the sentence is illegal. Respondent filed an Answer (ECF No. 8) and Petitioner did not file a Reply.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Unless the moving party claims a jurisdictional defect or a Constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

2

B. Analysis

Pursuant to 28 U.S.C. § 2255(f), "[a] 1-year period of limitation shall apply to a motion under this section." The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* 28 U.S.C. § 2244(d)(1).

As explained by the Third Circuit in *Kapral v. U.S.*, a "judgment of conviction becomes 'final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." 166 F.3d 565, 577 (3d Cir. 1999).

Here, it appears that Petitioner is arguing that the 1-year limitations period did not begin to run until November 1, 2011, the date on which this Court issued an arrest warrant based on a violation of his supervised release. (Pet'r's Mem. Supp. Pet. ¶ 17-18, ECF No. 6-1.) However,

3

the entry of the detainer has no bearing on any of the claims Petitioner raises about his conviction and sentence. Specifically, on October 27, 2011, this Court signed an arrest warrant for Petitioner for violation of his supervised release. (*U.S. v. Dickson*, Crim. Action No. 07-962, ECF No. 33.) The violation of supervised release was based on the fact that Petitioner was arrested in Brooklyn, New York on October 20, 2011 and charged with burglary, kidnapping, robbery and assault. (*Id.*) The detainer which was entered against Petitioner as a result of this arrest warrant has nothing to do with the circumstances of Petitioner's original conviction and sentence. All of the facts regarding his conviction and sentence were available to Petitioner, through the exercise of due diligence, in 2009. Petitioner simply chose not investigate until the detainer was lodged in 2011 but such a decision does not mean that the underlying facts could not have been discovered two years earlier. Therefore, the Court finds that for purposes of calculating the commencement of the limitations period, 28 U.S.C. 2255(f)(1), not (f)(4), is applicable to Petitioner. Because he did not file an appeal to the Third Circuit, Petitioner's conviction became final on the date his time to appeal expired, which was December 8, 2009.[1] *Kapral*, 166 F.3d at 577. Absent equitable tolling, the limitations period expired one year later on December 8, 2010.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174,

---

[1] In November 2009, the Federal Rules of Appellate Procedure required a notice of appeal in a criminal case to be filed within 10 days of the entry of the judgment. *See* FED. R. APP. P. 4(b)(1)(A) (2009). Effective December 1, 2009, criminal defendants now have 14 days within which to file an appeal to the Third Circuit. *See* FED. R. APP. P. 4(b)(1)(A) (2015). Since the instant Petition is untimely no matter which time period is used, the Court assumes without deciding that the 14 day period applies to Petitioner. Similarly, the Court also gives Petitioner the benefit of the date the final amended judgment was entered, November 24, 2009, as the date of his conviction.

4

179 (3d Cir. 1998)). A petitioner seeking equitable tolling must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Diligence in this context is determined objectively, but does take into consideration a prisoner's particular circumstances. *Id.* In non-capital cases, an attorney's "malfeasance or non-feasance is typically not an extraordinary circumstance which justifies equitable tolling of a § 2255 motion." *Bass*, 268 F. App'x at 199; *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004). The exception to this general rule is quite narrow, and arises only in those cases where an attorney's affirmative misrepresentation to his client is coupled with extreme diligence on the part of the petitioner. *See Schlueter*, 384 F.3d at 76; *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-42 (3d Cir. 1999) (permitting equitable tolling of the Title VII statute of limitations where an attorney affirmatively misled his client to believe he had timely filed a complaint and the client thereafter filed her complaint within one day of the statute of limitations following extensive efforts to ensure timely filing).

Here, Petitioner has not made any arguments regarding equitable tolling. To the extent his Petition can be read to include an argument for tolling based on the fact that Petitioner was not aware of the "errors" in his conviction and sentence until the federal detainer was lodged against him, the Court has already found such an argument to be without merit. Petitioner could have discovered the "errors" had he done any investigation back in 2009; the fact that he chose not to do so because he had confidence in his attorney does not mean that he was *unable* to discover any relevant facts. Petitioner is not entitled to equitable tolling.

To summarize, Petitioner's conviction became final on December 8, 2009 and he is not entitled any equitable tolling of the limitations period. As such, the statute of limitations for his § 2255 petition expired one year later on December 8, 2010. Since his § 2255 Petition was not filed until October 22, 2012, said Petition must be dismissed as timebarred.

### III. CERTIFICATE OF APPEALABILITY

This Court will deny a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c). *See Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion is DISMISSED, and no certificate of appealability shall issue. An appropriate order follows.

Dated: 7/30/15

_____
Peter G. Sheridan, U.S.D.J.